## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| JASON P. WRIGHT,  )  |  |
| Plaintiff,  ) |  |
| )  |  |
| v.  ) | CAUSE NO.:2:10-CV-178-PRC |
| )  |  |
| C.R. ENGLAND, INC.,  ) |  |
| Defendant.  )  |  |

### OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 24], filed by Defendant C.R. England, Inc., on August 1, 2011.  For the reasons set forth below, the Court denies the motion for summary judgment.

### PROCEDURAL BACKGROUND

Plaintiff Jason P. Wright filed his Complaint in the Superior Court of Lake County, Indiana on April 5, 2010.  Defendant removed the action to this Court on April 30, 2010.  In the Complaint, Plaintiff alleges that Defendant C.R. England, Inc., his prior employer, failed to provide reasonable accommodation of Plaintiff's disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq*.

Defendant filed the instant Motion for Summary Judgment on August 1, 2011.  Plaintiff filed a response on September 15, 2011, and Defendant filed its reply on September 29, 2011.  This matter is now fully briefed and properly before the Court.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.  Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254,

1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . " Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not

to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## MATERIAL FACTS

Plaintiff Jason Wright suffers from cystic fibrosis, which he treats with a pulmonary vest twice daily: once right after waking up, and once just before bed. On July 24, 2008, Plaintiff began employment for Defendant C.R. England as a trainee truck driver. His Phase I trainer had a power inverter in his truck's tractor that allowed Plaintiff to use his pulmonary vest while driving with the trainer. Plaintiff completed Phase I of his training on August 19, 2008. On August 27, 2008, Plaintiff began Phase II of his training. His Phase II trainer did not have an inverter in his truck tractor, and Plaintiff alleges that the trainer was unwilling to stop at Plaintiff's request, making it difficult for Plaintiff to use his pulmonary vest. On September 12, 2008, Plaintiff requested a 30 day leave to see a doctor. On September 29, 2008, Plaintiff informed Defendant that he wanted to return to work, and on September 30, 2008, requested a power inverter in his truck to accommodate his return.

On November 10, 2008, after investigation to determine whether Plaintiff's request for an inverter was reasonable and would comply with Department of Transportation regulations, Defendant offered to provide Plaintiff with a $200.00 "credit" to pay for an inverter, which would have been installed at Defendant's Burns Harbor, Indiana facility by Defendant's mechanics in the event that the instructor with whom Plaintiff was placed did not have an inverter already installed. By November 13, 2008, the proposed accommodation was discussed with Plaintiff and he was asked to report to the Burns Harbor, Indiana location of C.R. England, Inc., for work. Plaintiff did not

return to work.

On November 18, 2008, Plaintiff filed his discrimination complaint under the ADA. He received a right to sue letter on or around January 8, 2010.

## ANALYSIS

Defendant argues that Plaintiff cannot recover under the ADA because Defendant offered a reasonable accommodation for his disability.

The ADA prohibits employers from discriminating against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement or discharge of employees, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (2008). The ADA also requires employers to make reasonable accommodations for the disabilities of qualified individuals. 42 U.S.C. § 12112(b)(5)(A).

In order "[t]o establish h[is] failure to accommodate claim under the ADA, [Plaintiff] must show that: (1) []he is a 'qualified individual with a disability'; (2) the defendant was aware of h[is] disability; and (3) the defendant failed to reasonably accommodate h[is] disability." *Gratzl v. Office of the C.J.s of the 12th, 18th, 19th & 22nd Jud. Cir.*, 601 F.3d 674, 678 (7th Cir. 2010) (quoting *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005)). Defendant does not dispute that Plaintiff had a disability or that Defendant was aware of Plaintiff's disability. Defendant's argument rests on the third prong: it argues that it offered a reasonable accommodation for Plaintiff's disability and therefore Plaintiff cannot succeed in his suit.

Plaintiff bears the burden of showing that Defendant did not offer a reasonable accommodation. The parties agree that Plaintiff needed to be in a truck tractor with a power inverter so that he could use his pulmonary vest. As an accommodation, Defendant offered to pay $200.00

for Plaintiff to purchase a power inverter, which would be installed if Plaintiff was assigned to one of the few instructors who did not already have an inverter installed in his or her truck.

Plaintiff argues that the appropriate accommodation would be assigning him to a vehicle with a power inverter already installed, and that Defendant should confirm via text message that the truck to which it assigned Plaintiff had such an inverter. Plaintiff argues that it would not be an undue burden for Defendant to insure that any vehicle to whom Plaintiff was assigned would already have an inverter installed, and appears to be arguing that it would be unreasonable to expect Plaintiff to be able to have an inverter installed upon assignment to a vehicle. However, "[a]n employer is not obligated to provide an employee the accommodation he requests or prefers[;] the employer need only provide some reasonable accommodation." *Gile v. United Airlines*, 95 F.3d 492, 499 (7th Cir. 1996) (citing *Schmidt v. Methodist Hosp.*, 89 F.3d 342, 345 (7th Cir. 1996)); *see also Gratzl*, 601 F.3d at 681; *Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 546 (7th Cir. 2008). The provision of funds for an inverter is a reasonable accommodation. If Plaintiff was assigned to a vehicle that already had an inverter installed, he would not need the inverter provided by Defendant, and in the unlikely event that Plaintiff was assigned to a vehicle without an inverter, Defendant provided the means for him to purchase an inverter to be installed.

However, Plaintiff argues that there is a factual dispute about whether Defendant agreed to pay for the inverter or whether the Defendant merely offered give him a loan. In his affidavit, Plaintiff states that "C.R. England offered to provide me a $200.00 advance to pay for an inverter, but never said the company would absorb that cost[;] . . . they told me that they would allow me to use the $200.00 credit against my wages." Pl. Aff. ¶ 24. Defendant's internal documents at the time of the conversations with Plaintiff refer to the $200.00 as an "advance" or a "credit," phrases that

do not necessarily imply that the money would be given to Plaintiff without expecting repayment. Accordingly, there is a dispute of material fact as to whether Defendant provided the reasonable accommodation of $200.00 or if the money was merely a loan. If the money was in the form of a loan that Plaintiff would be expected to repay, Defendant was not providing the accommodation. Therefore, summary judgment is inappropriate.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion for Summary Judgment [DE 24].

SO ORDERED this 25th day of October, 2011.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATE DISTRICT COURT

cc: All counsel of record